CONTROL 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00244-CV






C.O.N.T.R.O.L.; City of Argyle; Town of Bartonville; Town of Copper Canyon;


City of Haslet, City of Justin; Town of Northlake; City of Roanoke; Argyle


Independent School District; Northwest Independent School District; Argyle


Volunteer Fire Department; Justin Volunteer Fire Department; Denton County


Electric Co-op; Graham-Argyle Cemetery Association; Prairie Mound Cemetery


Association; Justin State Bank; Northwest Regional Airport; Lil Arnold;


Rebecca R. Blair; Eric C. Carpenter; Edward H. Coe; David M. Dooley;


Bert H. Gibbs; Gibbs Family: Tillie H. Gibbs, H. Jarrell Gibbs, and


Diane (Gibbs) Nichols; C.J. Hardeman Family; Elizabeth C. Morris;


William D. Owens, Jr.; Daniel J. Schneider Family; Roger Thompson;


Kay Thompson; Lois Thompson; Robert Tracy; Donald A. Wood;


and G.A.S.P., Appellants




v.



Sentry Environmental, L.P. and Texas Natural Resource Conservation


Commission, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 94-07067, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING







 This appeal arises out of the denial of a landfill permit to appellee Sentry
Environmental, L.P. ("Sentry") on March 31, 1994, by the Texas Natural Resource Conservation
Commission (the "Commission"). Although successful before the Commission, appellants (1) now
protest the grounds relied on by the Commission to deny the landfill permit. Upon judicial review
of the Commission's decision, the district court dismissed the case for lack of jurisdiction. 
Appellants challenge this decision in eight points of error. We will affirm the trial-court
judgment.



BACKGROUND


 In 1990, Sentry filed an application for a municipal solid waste permit. During the
course of the hearings, the Commission considered several alternative grounds for rejecting the
landfill application. Among these were the impact of the proposed landfill on surrounding land
values and the increased risk to air traffic resulting from birds that, in traveling between a nearby
lake and the proposed landfill, would be forced to fly directly over the flight space of Northwest
Regional Airport.

 The Commission entered a final order denying Sentry's application based on the
grounds that Sentry had not adequately characterized deep groundwater at the site and that Sentry
had failed to establish that the operation of the landfill as proposed would not contaminate
groundwater located beyond the boundaries of the site. In its final order, the Commission
expressly rejected all other grounds for denying the permit.

 Following the decision by the Commission, both Sentry and appellants filed
petitions for judicial review. Appellants sought affirmance of the Commission's order but asked
that the Commission's determinations regarding certain alternative issues be reversed and that the
basis for denial of the permit be expanded to include the impact on surrounding land values and
the increased risk to air traffic. Further, appellants wanted the district court to review Sentry's
use of contingency fee witnesses and Sentry's multiple permit application amendments which
increased attorneys' fees. Appellants seek this additional remedy primarily to make it more
difficult for Sentry to reapply for a landfill site in the future. Sentry filed a separate petition
requesting judicial review of the denial by the Commission. The district court consolidated the
two actions and then dismissed appellants' petition for want of jurisdiction. Then, on January 3,
1995, the district court granted Sentry's motion for non-suit of its claims.



DISCUSSION


 In their first point of error, appellants argue that the district court erred in
dismissing appellants' claim for want of jurisdiction. We disagree.

 Although the order dismissing the claim for want of jurisdiction does not specify
the grounds by which the trial court reached its determination, the ability of a party to obtain
judicial review of an administrative decision is determined by section 2001.171 of the
Administrative Procedure Act ("APA"). See Tex. Gov't Code Ann. § 2001.171 (West 1996). 
This section provides "[a] person who has exhausted all administrative remedies available within
a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial
review under this chapter." Id. (emphasis added). Appellants are not parties who have been
aggrieved by a final decision by the Commission. As such, the district court lacked jurisdiction
to entertain the appeal and properly dismissed the claim.

 Appellants contend that they did not receive all of the relief they sought when the
Commission denied the landfill permit to Sentry. According to appellants, they became aggrieved
parties when the Commission, in denying the permit for the proposed landfill, expressly rejected
the grounds advanced by appellants and chose to deny the permit based solely on the groundwater
contamination issue.

 In general, a party appeals from a judgment and not from a finding or conclusion
in support of the judgment. Champlin Exploration Inc. v. Railroad Comm'n, 627 S.W.2d 250,
251 (Tex. App.--Austin 1982, writ ref'd n.r.e.). In Champlin, we held that Champlin Exploration
failed to demonstrate it was an aggrieved party when it prevailed in receiving the requested relief,
but the Commission ruled against it on a supporting issue. Id. As in Champlin, the Commission
expressly rejected certain of appellants' supporting issues concerning land values and FAA
preemption, but appellants in this case were ultimately successful in getting the Commission to
deny Sentry's application for a solid waste permit. We must judge the agency order on the basis
upon which it purports to rest and not upon what we might imagine is an adequate or more proper
basis. Professional Mobile Home Transp. v. Railroad Comm'n, 733 S.W.2d 892, 904 (Tex.
App.--Austin 1987, writ ref'd n.r.e.).

 More recently in Gulf States Utilities v. Coalition of Cities, 883 S.W.2d 739 (Tex.
App.--Austin 1994, no writ), we determined that Gulf States was not aggrieved as that term is used
in APA section 2001.171. Id. at 746-47. In Gulf States, the Public Utility Commission
determined that Gulf States had not carried its burden of proof in demonstrating that $1.453
billion should be included as part of their prudent investment calculation. However, the
Commission agreed to reconsider the prudence of the expenditure in a subsequent proceeding. 
Because the Commission determined to reconsider the expenditure at a later date, Gulf States was
removed from the definition of an "aggrieved party." Id.

 Appellants further contend that their position is supported by the language in APA
section 2001.174. Section 2001.174 provides in pertinent part that:



If the law authorizes review of a decision in a contested case under the substantial
evidence rule or if the law does not define the scope of judicial review, a court
may not substitute its judgment for the judgment of the state agency on the weight
of the evidence on questions committed to agency discretion but:

 (1) may affirm the agency decision in whole or in part; and

 (2) shall reverse or remand the case for further proceedings if substantial
rights of the appellant have been prejudiced because the
administrative findings, inferences, conclusions, or decisions are:

 (A) in violation of a constitutional or statutory provision;

 (B) in excess of the agency's statutory authority;

 (C) made through unlawful procedure;

 (D) affected by other error of law;

 (E) not reasonably supported by substantial evidence considering
the reliable and probative evidence in the record as a whole; or

 (F) arbitrary or capricious or characterized by abuse of discretion
or clearly unwarranted exercise of discretion.



Tex. Gov't Code Ann. § 2001.174 (West 1996). Specifically, a court can reverse or remand only
if "substantial rights of the appellant have been prejudiced." In this case, appellants' substantial
rights do not include the right to mold an agency determination such that it will better thwart
future permit applications by Sentry. No harm can be done to a substantial right that never
existed. Gulf States, 883 S.W.2d at 751.

 Appellants unsuccessfully attempt to qualify as aggrieved parties under the APA. 
Accordingly, we overrule appellants' first point of error.


CONCLUSION


 Because the trial court properly determined it lacked jurisdiction, we affirm the
decision of the trial court dismissing appellants' claims. We do not, therefore, address points of
error two through eight. See Tex. R. App. P. 90(a).



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 14, 1996

Publish

1.   The following parties are appellants in this action: C.O.N.T.R.O.L.; City of Argyle;
Town of Bartonville; Town of Copper Canyon; City of Haslet, City of Justin; Town of
Northlake; City of Roanoke; Argyle Independent School District; Northwest Independent
School District; Argyle Volunteer Fire Department; Justin Volunteer Fire Department; Denton
County Electric Co-op; Graham-Argyle Cemetery Association; Prairie Mound Cemetery
Association; Justin State Bank; Northwest Regional Airport; Lil Arnold; Rebecca R. Blair;
Eric C. Carpenter; Edward H. Coe; David M. Dooley; Bert H. Gibbs; Gibbs Family: Tillie
H. Gibbs, H. Jarrell Gibbs, and Diane (Gibbs) Nichols; C.J. Hardeman Family; Elizabeth C.
Morris; William D. Owens, Jr.; Daniel J. Schneider Family; Roger Thompson; Kay
Thompson; Lois Thompson; Robert Tracy; Donald A. Wood; and G.A.S.P.


States, the Public Utility Commission
determined that Gulf States had not carried its burden of proof in demonstrating that $1.453
billion should be included as part of their prudent investment calculation. However, the
Commission agreed to reconsider the prudence of the expenditure in a subsequent proceeding. 
Because the Commission determined to reconsider the expenditure at a later date, Gulf States was
removed from the definition of an "aggrieved party." Id.

 Appellants further contend that their position is supported by the language in APA
section 2001.174. Section 2001.174 provides in pertinent part that:



If the law authorizes review of a decision in a contested case under the substantial
evidence rule or if the law does not define the scope of judicial review, a court